THE MATHEWS LAW GROUP
Charles T. Mathews Esq. CA SBN 55889
Patrick Chung Esq. CA SBN 250209
2596 Mission Street, Suite 204
San Marino, California 91108
Ph.:   (626) 683-8291
Fax:   (626) 683-8295

**FILED**

JAN 2 0 2011

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Attorneys for Plaintiff and the Proposed Classes,
JUDY STEVENS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIV   1:11-cv-00433
Judge Robert W. Gettleman
CASl Magistrate Judge Nan R. Nolan

| | |
|---|---|
| **JUDY STEVENS, on behalf of herself and all others similarly situated,** | **CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT,** 47 U.S.C. § 227 *ET SEQ.* |
|               **Plaintiff,** | |
| **vs.** | |
| **PROGRESSIVE FINANCIAL SERVICES, INC.,** | **Jury Trial Demanded** |
|               **Defendant.** | |

Judy Stevens ("Plaintiff"), individually and on behalf of all others similarly situated,

allege on personal knowledge, investigation of counsel, and on information and belief as follows:

## INTRODUCTION AND NATURE OF ACTION

1.     Plaintiff brings this action for statutory damages, injunctive relief and any other

available legal or equitable remedies, resulting from the illegal actions of Progressive Financial

Services, Inc. ("Defendant"), a national collection agency, in negligently and/or willfully placing

calls to Plaintiff on her cellular telephone without her prior express consent and not for

emergency purposes (sometimes referred to herein as "Prohibited Calls"), in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, ("TCPA").

2.       In 1991, Congress enacted the TCPA in an effort to combat the invasion of privacy faced by everyday Americans who received unwanted calls.  In relevant part, the TCPA prohibits the use of an automatic telephone dialing system to call any telephone number assigned to a cellular telephone service absent an emergency purpose or the "prior express consent" of the called party.  The Federal Communication Commission, the agency empowered to implement the TCPA, mandates that "the burden will be on the creditor to show it obtained the necessary prior express consent."[1]

3.       Plaintiff is one such victim of Defendant's repeated Prohibited Calls.  Worst of all, Plaintiff (and others similarly situated) do not even owe the debt at issue, as the calls are intended for a completely different individual.  This is a problem faced by a large number of Americans and is summarized in a recent New York Times posting, entitled *"When a Debt Collector Calls for Debt You Don't Owe."*[2]

## JURISDICTION AND VENUE

4.       This Court has jurisdiction under the Class Action Fairness Act of 2005 because Plaintiff seeks up to $1,500 in statutory damages for each of the hundreds of calls that were placed to her cellular phone in violation of the TCPA, which, when aggregated among a proposed class, numbering in the tens of thousands, easily exceeds $5,000,000 and Plaintiff is a citizen of Illinois and the Defendant, a citizen of Arizona.

---

[1] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C.R. 559 (2008).

[2] Jennifer Schultz, *When a Debt Collector Calls for Debt You Don't Owe*, N.Y. Times, Nov. 1, 2010. (Available at, http://bucks.blogs.nytimes.com/2010/11/01/when-a-debt-collector-calls-for-debt-you-dont-owe/)

5.      Venue is proper in the United States District Court for the Northern District of

Illinois pursuant to 28 U.S.C. § 1391(b) and 1441(a) because the events giving rise to Plaintiff's

claims against Defendant occurred within the State of Illinois and the Cook County.


## PARTIES

6.      Plaintiff is, and at all times mentioned herein was, an individual citizen of the

State of Illinois, and resident of the Cook County. Plaintiff is, and at all times mentioned herein

was, a "person" as defined by 47 U.S.C. § 153(10).

7.      Defendant is, and at all times mentioned herein was, a national collections

agency, whose primary corporate address is in the City of Tempe, County of Maricopa, State of

Arizona, where Defendant also conducts business. Defendant's primary corporate address is

1919 West Fairmont Drive, Building 8, Tempe Arizona 85282. Defendant is, and at all times

mentioned herein was, a "person," as defined by 47 U.S.C. § 153(10).

8.      Plaintiff reserves the right to amend the Complaint, including to add Defendant's

clients who compensate Defendant for making Prohibited Calls.

## PLAINTIFF'S FACTUAL ALLEGATIONS

9.      Plaintiff has received numerous Prohibited Calls to her cellular phone during the

past three years.

10.     Plaintiff has incurred charges for these Prohibited Calls. The FCC has made clear

that "wireless customers are charged for incoming calls whether they pay in advance or after the

minutes are used."[3]

---

[3] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C.R. 559 (2008).

11.     During these Prohibited Calls Defendant used an "automatic telephone dialing system and/or an artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

12.     These calls were for the purpose of collecting debt and were not for emergency purposes as set forth in 47 U.S.C. § 227(b)(1)(A).

13.     Plaintiff did not provide "prior express consent" to receive the Prohibited Calls on her cellular telephone as set forth in 47 U.S.C. § 227(b)(1)(A).

14.     The Prohibited Calls received by Plaintiff were intended for a person other than the Plaintiff.

15.     These Prohibited Calls placed by Defendant were in violation of 47 U.S.C. § 227(b)(1).

## CLASS ACTION ALLEGATIONS

16.     Plaintiff brings this action on behalf of herself and on behalf of and all others similarly situated (the "Consent Class"), as follows:

> **All persons within the United States to whom Defendant has placed a call to said person's cellular telephone (without their prior express consent and not for emergency purposes) through the use of an automatic telephone dialing system or an artificial or prerecorded voice, within the four years prior to the filing of this Complaint.**

17.     Plaintiff also brings this action on behalf of herself and on behalf of all others similarly situated (the "Error Subclass"), as follows:

> **All persons within the United States to whom Defendant has placed a call to said person's cellular telephone (without their prior express**

> consent and not for emergency purposes) through the use of an
> automatic telephone dialing system or an artificial or prerecorded
> voice, within the four years prior to the filing of this Complaint, where
> such person is not the debtor (*i.e.*, not the intended recipient of
> Defendant's call).

18. Plaintiff also brings this action on behalf of herself and on behalf of all others similarly situated (the "No-Relation Subclass"), as follows:

> All persons within the United States to whom Defendant has placed a
> call to said person's cellular telephone (without their prior express
> consent and not for emergency purposes) through the use of an
> automatic telephone dialing system or an artificial or prerecorded
> voice, within the four years prior to the filing of this Complaint, where
> such person does not have any debtor-creditor relationship with the
> Defendant or the Defendant's clients (*i.e.*, the recipient of Defendant's
> call is a reference, co-signer, family member of the debtor or the like).

Hereafter, the Consent Class, Error Subclass and No-Relation Subclass are referred to collectively as the "Classes."

19. Defendant, its employees and other agents, the Judge to whom this action is assigned and any members of the Judge's staff, and claims for personal injury, wrongful death and/or emotional distress are excluded from the Classes. Plaintiff reserves the right to expand the class definitions to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

20.    Plaintiff does not know the number of members in the Consent Class, Error Subclass and No-Relation Subclass, but believes, based on Defendant's market share and investigation of counsel, that the number is in the tens of thousands, if not substantially higher. Thus, joinder of all Consent Class, Error Subclass or No-Relation Subclass members is impractical due to the size and relatively small value of each member's claim.

21.    Indeed, the Internet is replete with discussions between numerous members of the Consent Class, Error Subclass and No-Relation Subclass — all desperate to end Defendant's calls. The following is a sampling, evidencing Defendant's egregious violations of the TCPA, the invasion of privacy suffered by members of the Classes, the numerosity of the class, the commonality of the issues and the typicality of Plaintiff as a class representative:

> "Jose O.
>  Mesa, AZ
> "Nasty company whose founders should be fined for harassment. Made dozens of automated calls to my new cell phone looking for a man I don't know, yet when you press the number to indicate they have the wrong person, the system hangs up on you, and proceeds to call you every day anyway. When I finally did get in touch with a rep he wouldn't give me the full name of the company, what business the company was in, the purpose it was calling me, or anyone I could contact to get this info. After that he hung up on me."

(Available at, http://www.yelp.com/biz/progressive-financial-services-602-453-8800-tempe)

> "No Name 2
> 11 Jan 2008
> "'Progressive Financial' personnel keep calling and leaving a message for a person whose name I do not know. I ignored their calls to date. I downloaded call block software to my cell, but they change phone numbers and I need to keep editing the blocked call list. This is a scam; do not call them back! I will be finding out how to report them to authorities.
> Caller ID: None
> Caller: Progressive Financial"

(Available at, http://800notes.com/Phone.aspx/1-800-510-2813)

"cspurgeon
5 Sep 2008
I am also receiving daily calls from these people regarding an outstanding
balance they say my husband has from college 13 years ago. My husband
attended this school 5 years before he and I even met! I have told them to
not call me, as the debt is not mine, but they try to assert that they can call
me all they want because it is my husband's debt. I don't even know how
they got my CELL PHONE number! To date, I am the only person they
have contacted on this matter...they have not even attempted to contact my
husband! They insist on harassing me! . . .
Caller: Progressive Financial Services
Call Type: Debt Collector"

(Available at, http://800notes.com/Phone.aspx/1-800-510-2813)

"Tyrone on August 26, 2008
Progressive Financial Services/debt collector. Received numerous
messages stating if I'm not the intended recipient, just hang up, and the
number would be removed from the list; however, after receiving
numerous calls I decided to stay on the line following the message and
called the number 888-441-5024. The lady read back to me a name and
phone number which had nothing to do with the individual the harrassing
calls were intended for or the number the calls were made to. When I tried
to correct her so I wouldn't be called anymore (at my work number; on a
military installation) she became rude, abrupt and hung up on me."

(Available at, http://www.callferret.com/888-441-5024.html)

"hardingdgh on October 14, 2008
Received multiple calls per day for debt owed by previous owner of my
new 2nd phone line. Only by listening to the message was I able to get the
call back phone number. Then you need an acct number which I don't
have because I'm not the debtor they are looking for. Their automated
phone system make sure you can't possibly contact a human to resolve the
issue. Had to google the phone number to find this website and find out
who these turkeys are. Yes they block the incoming phone number so that
it registers as "UNAVAILABLE". Talk about harassment of the worst
kinds. . . ."

(Available at, http://www.callferret.com/888-441-5024.html)

"Lisa on September 17, 2010
So I get a call from one of my family member's telling me that they keep
getting calls from this 800 number saying that they owe some money from
1999 but it is actually my husband who owes, he is a Jr. so they called his

father to track him down. They called everyone with the same last name until they found him, how funny! This was for a payday loan from 1999 and it's not like he owes thousand's of dollar's it is less then $300.00 just shows you that your past will come back to haunt you if you don't take care of it!"

(Available at, http://www.callferret.com/888-441-5024.html)

"angry_guy
19 Dec 2007
I've gotten a call from these idiots just about every other day for the last 3-4 weeks. I'm on the verge of calling and demanding to speak to manager after manager until I run out of expletives. After reading some of these comments, it seems that will get me no where. This is blatant harassment. They claim they are a debt collector, yet use a non-existent name (my first name + my wife's last name). . . .
Caller: Progressive Financial Services"

(Available at, http://whocallsme.com/Phone-Number.aspx/8664840211)

"Michael
25 Aug 2008
I am getting a bunch of calls from this number as well and they keep asking me if I am someone who used to have this number. I know it is someone previously because other friends and family of his have called as well.
Anyhow, I have informed the people at 866-484-0211 that this man no longer has this number, and they said that they would have my number removed. Well, you guessed it. They are calling now two and three times a day asking for other people as well. . . ."

(Available at, http://whocallsme.com/Phone-Number.aspx/8664840211)

22.     The members of the Consent Class, Error Subclass and No-Relation Subclass share well defined, nearly identical, questions of law and fact, which predominate over questions that may affect individual members of the Classes. These common questions of law and fact include:

a.     Whether, within the four years prior to the filing of this Complaint, Defendant has placed any calls (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an

artificial or prerecorded voice to any telephone number assigned to a cellular telephone
service.

b.      Whether, within the four years prior to the filing of this Complaint, Defendant has
placed any calls to any telephone number assigned to a cellular telephone service
(without their prior express consent and not for emergency purposes) through the use of
an automatic telephone dialing system or an artificial or prerecorded voice, where such
person is not the debtor (i.e., not the intended recipient of Defendant's call).

c.      Whether, within the four years prior to the filing of this Complaint, Defendant has
placed any calls to any telephone number assigned to a cellular telephone service
(without their prior express consent and not for emergency purposes) through the use of
an automatic telephone dialing system or an artificial or prerecorded voice, where such
person does not have any debtor-creditor relationship with the Defendant or the
Defendant's clients (i.e., the recipient of Defendant's call is a reference, co-signer, family
member of the debtor or the like).

d.      Whether Defendant's conduct was knowing and/or willful.

e.      Whether Defendant can meet its burden of proving that it had obtained prior
express consent for such calls to members of the Classes.

f.      Whether Defendant should be enjoined from placing such calls in the future.

23.     The Class is ascertainable and can be identified through Defendant's records.

24.     Plaintiff and members of the Classes are entitled to statutory damages as provided
for under the TCPA.

25.     As a person that received numerous calls using an automatic telephone dialing
system or an artificial or prerecorded voice: (1) without Plaintiff's prior express consent; (2) as a

person who is not even the intended recipient of Defendant's calls; and (3) as a person who does not have a debtor-creditor relationship with Defendant or Defendant's clients, Plaintiff is asserting claims that are typical of the Consent Class, Error Subclass and No-Relation Subclass.

26.     Plaintiff will fairly and adequately represent and protect the interests of the Consent Class, Error Subclass and No-Relation Subclass in that Plaintiff has no interests antagonistic to any member of the Classes.

27.     Plaintiff and the members of the Classes have all suffered harm as a result of the Defendant's unlawful and wrongful conduct.  Absent a class action, members of the Classes will continue to face the potential for irreparable harm.  In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Class-wide damages are essential to induce Defendant to comply with federal law.

28.     Because of the size of the individual class member's claims, few, if any, class members could afford to seek legal redress for the wrongs complained of herein.

29.     Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the TCPA.

30.      A class action is a superior method for the fair and efficient adjudication of this controversy.

31.     Defendant has acted on grounds generally applicable to the Classes and evidence of Defendant's TCPA violations can be determined on a class-wide basis.


**FIRST CLAIM**

**(NEGLIGENT VIOLATIONS OF THE TCPA)**

32.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33.     The forgoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

34.     As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and each of the members of the Classes are entitled to statutory damages of $500 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

35.     Plaintiff and the members of the Classes are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CLAIM

### (KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA)

36.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

38.     As a result of Defendant's knowing and/or willful violations of 47 U.S.C § 227 *et seq.*, Plaintiff and each of the members of the Classes are entitled to treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(c).

39.     Plaintiff and the members of the Classes are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

40.     WHEREFORE, Plaintiff respectfully requests the Court grant Plaintiff and the members of the Classes the following relief against Defendant:

a.     An Order, Pursuant to Federal Rule of Civil Procedure 23(c) and (g), certifying the proposed Consent Class, Error Subclass and No-Relation Subclass (defined herein) and appointing Plaintiff's undersigned counsel of record to represent the Consent Class, Error Subclass and No-Relation Subclass.

b.     An Order issuing an injunction, pursuant to 47 U.S.C. § 227(b)(3)(A), enjoining Defendant from placing any further Prohibited Calls to members of the Classes and complying with the TCPA.

c.     As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each member of the Classes $500 in statutory damages, for each and every violation (each Prohibited Call), pursuant to 47 U.S.C. § 227(b)(3)(B).

d.     As a result of Defendant's willful and/or knowing violation of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each member of the Classes treble damages, as provided by statute, up to $1,500 for each and every violation (each Prohibited Call), pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(c).

e.     An award of attorneys' fees and costs to counsel.

f.     Such other relief as the Court deems just and proper.

## **TRIAL BY JURY**

41.     Plaintiff demands a jury trial on all claims

THE MATHEWS LAW GROUP

Dated: January 19, 2011                          By: _____

Charles T. Mathews,

Attorney for Plaintiff Judy Stevens

and the Proposed Classes

(Revised 06/08)

# United States District Court  Northern District of Illinois
## MOTION FOR LEAVE TO APPEAR PRO HAC VICE

| | |
|---|---|
| Case Title:    JUDY STEVENS | Plantiff(s) |
| VS. | |
| PROGRESSIVE FINANCIAL SERVICES, INC. | Defendant(s) |

| | |
|---|---|
| Case Number: | Judge: |

I,        CHARLES THEODORE MATTHEWS         hereby apply to the Court

under Local Rule 83.14 for permission to appear and participate in the above-entitled action on behalf of

       JUDY STEVENS         by whom I have been retained.

I am a member in good standing and eligible to practice before the following courts:

| Title of Court | Date Admitted |
|---|---|
| SUPERIOR COURTS OF CALIFORNIA | 6/29/1973 |
| FEDERAL COURT, CENTRAL DISTRICT OF CALIFORNIA | 8/09/1978 |
| | |
| | |

I have currently, or within the year preceding the date of this application, made pro hac vice applications to this Court in the following actions:

| Case Number | Case Title | Date of Application (Granted or Denied)* |
|---|---|---|
| N/A | N/A | N/A |
| | | |
| | | |
| | | |

*If denied, please explain:
(Attach additional form if
necessary)

Pursuant to Local Rule 83.15(a), applicants who do not have an office within the Northern District of Illinois must designate, at the time of filing their initial notice or pleading, a member of the bar of this Court having an office within this District upon who service of papers may be made.

**Has the applicant designated local counsel?**   **Yes** ○       **No** ◉

If you have not designated local counsel, Local Rule 83.15(b) provides that the designation must be made within thirty (30) days.

Has the applicant ever been:

**censured, suspended, disbarred, or otherwise disciplined by any court?**    Yes ○    No ⊙

**or is the applicant currently the subject of an investigation of the applicant's professional conduct?**    Yes ○    No ⊙

**transferred to inactive status, voluntarily withdrawn, or resigned from the bar of nay court?**    Yes ○    No ⊙

**denied admission to the bar of any court?**    Yes ○    No ⊙

**held in contempt of court?**    Yes ○    No ⊙

NOTE: If the answer to *any* of the above questions is yes, please attach a brief description of the incident(s) and the applicant's current status before any court, or any agency thereof, where disciplinary sanctions were imposed, or where an investigation or investigations of the applicant's conduct may have been instituted.

I have read the Rules of Professional Conduct for the Northern District of Illinois, effective November 12, 1991 (Local Rules 83.50 through 83.58), and the Standards for Professional Conduct within the Seventh Federal Judicial Circuit, effective December 15, 1992, and will faithfully adhere to them. I declare under penalty of perjury that the foregoing is true and correct.

| 01/04/2011 | s/ Charles Theodore Mathews |
|---|---|
| Date | Electronic Signature of Applicant |

| Applicant's Name | Last Name MATTHEWS | | First Name CHARLES | Middle Name/Initial T |
|---|---|---|---|---|
| Applicant's Law Firm | THE MATTHEWS LAW GROUP | | | |
| Applicant's Address | Street Address 2596 MISSION STREET | | | Room/Suite Number 204 |
| | City SAN MARINO | State AL | ZIP Code 91108 | Work Phone Number 626.683.8291 |

**(The pro hac vice admission fee is $100.00 for cases filed before February 1, 2001, and $50.00 for cases filed on or after that date, and shall be paid to the Clerk. No admission under Rule 83.14 is effective until such time as the fee has been paid.)**

NOTE: Attorneys seeking to appear pro hac vice may wish to consider filing a petition for admission to the general bar of the Court. The fee for admission to the General Bar is $150.00 The fee for pro hac vice admission is $100.00 for cases filed before February 1, 2001, and $50.00 for cases filed on or after that date. Admission to the general bar permits an attorney to practice before this Court. Pro hac vice admission entitles an attorney to appear in a particular case only. Application for such admission must be made in each case; and the admission fee must be paid in each case.

(Revised 06/08)

## United States District Court  Northern District of Illinois
## MOTION FOR LEAVE TO APPEAR PRO HAC VICE

| | | |
|---|---|---|
| Case Title: | JUDY STEVENS | Plantiff(s) |
| | VS. | |
| | PROGRESSIVE FINANCIAL SERVICES | Defendant(s) |

| | |
|---|---|
| Case Number: | Judge: |

I, _____ PATRICK ILKWON CHUNG _____ hereby apply to the Court

under Local Rule 83.14 for permission to appear and participate in the above-entitled action on behalf of

_____ JUDY STEVENS _____ by whom I have been retained.

I am a member in good standing and eligible to practice before the following courts:

| Title of Court | Date Admitted |
|---|---|
| SUPERIOR COURTS OF CALIFORNIA | 06/06/2007 |
| | |
| | |
| | |

I have currently, or within the year preceding the date of this application, made pro hac vice applications to this Court in the following actions:

| Case Number | Case Title | Date of Application (Granted or Denied)* |
|---|---|---|
| N/A | N/A | N/A |
| | | |
| | | |
| | | |

*If denied, please explain:
(Attach additional form if necessary)

Pursuant to Local Rule 83.15(a), applicants who do not have an office within the Northern District of Illinois must designate, at the time of filing their initial notice or pleading, a member of the bar of this Court having an office within this District upon who service of papers may be made.

**Has the applicant designated local counsel?**    **Yes** ○          **No** ⦿

If you have not designated local counsel, Local Rule 83.15(b) provides that the designation must be made within thirty (30) days.

Has the applicant ever been:

**censured, suspended, disbarred, or otherwise disciplined by any court?**    Yes ○    No ⊙

**or is the applicant currently the subject of an investigation of the applicant's professional conduct?**    Yes ○    No ⊙

**transferred to inactive status, voluntarily withdrawn, or resigned from the bar of nay court?**    Yes ○    No ⊙

**denied admission to the bar of any court?**    Yes ○    No ⊙

**held in contempt of court?**    Yes ○    No ⊙

NOTE: If the answer to *any* of the above questions is yes, please attach a brief description of the incident(s) and the applicant's current status before any court, or any agency thereof, where disciplinary sanctions were imposed, or where an investigation or investigations of the applicant's conduct may have been instituted.

I have read the Rules of Professional Conduct for the Northern District of Illinois, effective November 12, 1991 (Local Rules 83.50 through 83.58), and the Standards for Professional Conduct within the Seventh Federal Judicial Circuit, effective December 15, 1992, and will faithfully adhere to them. I declare under penalty of perjury that the foregoing is true and correct.

| 01/04/2011 | S/ |
|---|---|
| Date | Electronic Signature of Applicant |

| Applicant's Name | Last Name<br>CHUNG | | First Name<br>PATRICK | | Middle Name/Initial<br>I |
|---|---|---|---|---|---|
| Applicant's Law Firm | THE MATTHEWS LAW GROUP | | | | |
| Applicant's Address | Street Address<br>2596 MISSION STREET | | | | Room/Suite Number<br>204 |
| | City<br>SAN MARINO | State<br>AL | ZIP Code<br>91108 | Work Phone Number<br>626.683.8291 | |

**(The pro hac vice admission fee is $100.00 for cases filed before February 1, 2001, and $50.00 for cases filed on or after that date, and shall be paid to the Clerk. No admission under Rule 83.14 is effective until such time as the fee has been paid.)**

NOTE:   Attorneys seeking to appear pro hac vice may wish to consider filing a petition for admission to the general bar of the Court. The fee for admission to the General Bar is $150.00 The fee for pro hac vice admission is $100.00 for cases filed before February 1, 2001, and $50.00 for cases filed on or after that date. Admission to the general bar permits an attorney to practice before this Court. Pro hac vice admission entitles an attorney to appear in a particular case only. Application for such admission must be made in each case; and the admission fee must be paid in each case.

**THE STATE BAR**
**OF CALIFORNIA**

MEMBER SERVICES CENTER

180 HOWARD STREET, SAN FRANCISCO, CALIFORNIA 94105-1617                    TELEPHONE: 888-800-3400

# CERTIFICATE OF STANDING

January 18, 2011

TO WHOM IT MAY CONCERN:

This is to certify that according to the records of the State Bar, CHARLES
THEODORE MATHEWS, #055889 was admitted to the practice of law in this
state by the Supreme Court of California on June 29, 1973; and has been since
that date, and is at date hereof, an ACTIVE member of the State Bar of
California; that said public record states that information has been provided
pursuant to Business and Professions Code section 6086.1(c); and that no
recommendation for discipline for professional or other misconduct has ever been
made by the Board of Governors or a Disciplinary Board to the Supreme Court of
the State of California.

THE STATE BAR OF CALIFORNIA

Kath Lambert
Custodian of Membership Records



## THE STATE BAR
## OF CALIFORNIA

MEMBER SERVICES CENTER

180 HOWARD STREET, SAN FRANCISCO, CALIFORNIA  94105-1617

TELEPHONE: 888-800-3400

# CERTIFICATE OF STANDING

December 29, 2010

TO WHOM IT MAY CONCERN:

This is to certify that according to the records of the State Bar, PATRICK ILKWON CHUNG, #250209 was admitted to the practice of law in this state by the Supreme Court of California on June 6, 2007; and has been since that date, and is at date hereof, an ACTIVE member of the State Bar of California; and that no recommendation for discipline for professional or other misconduct has ever been made by the Board of Governors or a Disciplinary Board to the Supreme Court of the State of California.

THE STATE BAR OF CALIFORNIA

Kath Lambert
Custodian of Membership Records